**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHARLES HAMNER,

        Plaintiff,

v.                                   Case No: 07-cv-2314-KHV-DJW

ASSOCIATED WHOLESALE GROCERS, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This is an employment discrimination case. Plaintiff has filed this action alleging that Defendant terminated Plaintiff's employment based on his age.

Pending before the Court is Defendant's Motion to Compel Discovery (doc. 25). Defendant, pursuant to Fed. R. Civ. P. 37, requests that the Court compel Plaintiff to provide a complete response to Defendant's First Request for Production No. 2. Defendant also seeks an award of attorney's fees pursuant to Fed. R. Civ. P. 37(a)(4).

The issues before the Court are whether Plaintiff should be compelled to produce his State and Federal Income Tax returns for the past five years and whether Defendant should be awarded reasonable expenses incurred, including attorney's fees, pursuant to Rule 37(a)(5). For the reasons stated below, the Court holds that Defendant is entitled to Plaintiff's State and Federal Income Tax returns for the past five years; however, Defendant will not be awarded reasonable expenses incurred, including attorney's fees pursuant to Rule 37(a)(5).

**I. Tax Returns**

First, the Court must determine whether Plaintiff should be compelled to produce his State and Federal Income Tax returns for the past five years.

The scope of discovery, pursuant to Rule 26(b) is very broad.  Rule 26 provides that "[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[1]  A two-prong test has been developed by the courts "to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns."[2]  The court must first find the returns to be relevant to the subject matter of the action.[3]  "Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable."[4]  The burden of showing relevancy lies with the party seeking production.[5]  Then "the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable."[6]

As Defendant points out, Plaintiff has put his income at issue by seeking economic losses.[7]  Thus, the tax returns are relevant to the issue of damages.  Plaintiff offered no argument regarding the information contained in the tax returns being otherwise readily obtainable.  Therefore, the Court

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997).

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *See Id.  See also Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006); *Bennett v. Emerson Tool Co.*, No. 00-2335-JWL, 2001 WL 1155301, at *2 (D. Kan. May 21, 2001).

assumes that the information is not otherwise readily obtainable.  Because the two-prong test has

been satisfied, the Court concludes that Plaintiff should be compelled to produce his State and

Federal Income Tax returns for the past five years.

**II. Rule 37 Fees and Expenses**

The Court now turns to the second and final issue, whether an award of attorney's fees and

expenses pursuant to Rule 37(a)(5) is proper.

Rule 37 states, in pertinent part, the following:

> If the motion [to compel discovery] is granted the . . . the court must, after giving an
> opportunity to be heard, require the party [] whose conduct necessitated the motion
> . . . to pay the movant's reasonable expenses incurred in making the motion,
> including attorney's fees.[8]

One exception to this general rule is that the Court may not order payment if "the opposing party's

nondisclosure, response, or objection was substantially justified."[9]  A nondisclosure, response, or

objection is "substantially justified" if it is "justified to a degree that could satisfy a reasonable

person"[10] or where "reasonable people could differ as to the appropriateness"[11] of the nondisclosure,

response, or objection.

---

[8]Fed. R. Civ. P. 37(a)(5)(A).

[9]Fed. R. Civ. P. 37(a)(5)(A)(ii).

[10]*MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 WL 3231568, at *3
n.13 (D. Kan. Oct. 30, 2007) (quoting *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12
(1st Cir. 2005)).

[11]*Id.* (quoting *Lexington-Fayette Urban County Gov't*, 407 F.3d 755 (6th Cir. 2005)).

Although the Court overrules Plaintiff's objections to the discovery requests at issue, the Court finds that Plaintiff was substantially justified in making those objections and holds that an award of expenses would be unjust. Defendant's request for fees and expenses is therefore denied.

For the reasons stated above, the Court holds that Defendant is entitled to Plaintiff's State and Federal Income Tax returns for the past five years; however, Defendant will not be awarded reasonable expenses incurred, including attorney's fees pursuant to Rule 37(a)(5).

IT IS THEREFORE ORDERED THAT Defendant's Motion is granted in part and denied in part. Plaintiff is ordered to produce, **within 10 days of this Order**, his State and Federal Income Tax returns for the past five years.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 31st day of March, 2008.

s/ David J. Waxse

David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties